UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| MEL LINDSEY ATWELL, EDWARD SHUMACKER, | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | No. 1:11-cv-195 |
| | ) | *Chief Judge Curtis L. Collier* |
| HAMILTON COUNTY JAIL, STATE OF TENNESSEE, SHERIFF'S ADMINIS-TRATION, | ) ) ) | |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM**

Plaintiffs Mel Lindsey Atwell and Edward Shumacker ("Plaintiffs") filed a *pro se* civil rights

action under 42 U.S.C. § 1983 challenging their conditions of confinement (Court File No. 2). On

July 28, 2011, an Order directing Plaintiffs to sign the complaint and to either pay the $350.00 filing

fee or submit an *in forma pauperis* application along with a certified copy of their inmate trust

accounts within thirty days from the filing date of the order was mailed to Plaintiffs at the address

which they provided to the Court—the Hamilton County Jail. On August 19, 2011, the Order was

returned to the Court as undeliverable to the Plaintiffs, with the following notation: "Not in Custody

Aug. 4, 2011" (Court File No. 4).

Plaintiffs have not notified the Court of a current address; thus, preventing the Court from

communicating with Plaintiffs and preventing Plaintiffs from timely responding to the Court's

Order. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a

plaintiff fails to prosecute his case. This authority is based on the Court's inherent authority to

control its docket and prevent undue delays in the disposition of pending cases. *Roadway Exp., Inc.*

*v. Piper,* 447 U.S. 752, 765 (1980) ("'The authority of a federal trial court to dismiss a plaintiff's

action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.'") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962)). The Court's inability to communicate with Plaintiffs and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Plaintiffs' failure to notify the Court of their current address.

Plaintiffs have given no indication that they intend to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Plaintiffs due to their failure to keep the Court apprised of their current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Plaintiffs' failure to prosecute and to comply with the Orders of this Court. *See* Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.


**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

2